**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jane Doe,<br><br>        Plaintiff,<br><br>    v.<br><br>Citigroup Inc., Citigroup Global Markets, Inc.<br><br>        Defendants. | Case No.  1:26-cv-03579<br><br><br>**Jury Trial Demanded** |

**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe, by and through her attorneys Stowell & Friedman Ltd., hereby moves to proceed anonymously, and in support states as follows:

**PRELIMINARY STATEMENT**

Jane Doe alleges that Defendants Citigroup Inc. and Citigroup Global Markets, Inc. (together, "Citi") fired her after she blew the whistle on a variety of highly sensitive regulatory violations, including regulations related to high-profile political figures that, if revealed, could expose her to further retaliation from partisans of those figures. Although after extensive negotiations Doe has agreed to redact the names of those high-profile political figures and other information that Citi deems confidential, Citi nonetheless resists Doe's privacy interest in shielding herself from further harm through public exposure of her name. Doe therefore must bring this motion to proceed anonymously, which is justified under the factors identified in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008).

**LEGAL STANDARD**

Courts have broad discretion to allow a plaintiff to proceed anonymously. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003). Specifically, a district court has

discretion to grant an exception to the "general requirement of disclosure [of the names of parties]" by permitting a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In exercising that discretion, the district court evaluates whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*

In *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008), the Second Circuit articulated a non-exhaustive list of factors to guide the Court's analysis balancing the Plaintiff's interest in anonymity against the public interest in disclosure and potential prejudice to the defendant:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (internal quotation marks, citations, and alterations omitted).

## <u>ARGUMENT</u>

### I.    The Second Circuit's Factors Favor Allowing Plaintiff to Proceed Anonymously

#### A.  This Dispute Involves Matters that are Highly Sensitive

Plaintiff alleges that she was fired by one of the largest financial institutions in the world after she blew the whistle on several highly sensitive regulatory violations, including misconduct that involved extremely prominent and high-profile political figures. As such, this case will necessarily involve discovery into and discussion of highly sensitive matters regarding Citi's unlawful activities in relation to these political figures. So sensitive are these matters that Citi has demanded significant redactions to Plaintiff's complaint to protect, according to Citi, private and confidential information, including the names of several individuals whose identities are relevant to Plaintiff's claims. Plaintiff seeks reciprocal anonymity given that these matters are highly sensitive for *all* involved—including Plaintiff, whose whistleblower complaint is at the center of this controversy.

#### B.  Identification Poses a Risk of Chilling Future Whistleblowing as well as Further Retaliation and Harm to Plaintiff

Because of Plaintiff's brave decision to step forward and blow the whistle on Citi's unlawful conduct, she has already suffered retaliation causing her economic and emotional harm, and litigating this high-profile case without anonymity will cause her significant further harm. As courts have explained, "in light of the allegations contained in the complaint and the high-profile nature of the case, '[h]aving the plaintiff's name in the public domain, especially in the Internet

age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case.'" *Trooper 1 v. N.Y. State Police*, No. 22-CV-893, 2022 WL 869548, at \*4 (E.D.N.Y. June 9, 2022) (citation omitted). Citi has already demonstrated its intention to weaponize statements in the media to retaliate against women, like Plaintiff, who come forward with credible accusations of wrongdoing. Rozen, *Citi Denies Former Wealth Exec's Sexual Harassment Claims*, ADVISORHUB (Jan. 28, 2026), https://www.advisorhub.com/citi-denies-former-wealth-execs-sexual-harassment-claims/.

In addition, courts recognize that disclosing a plaintiff's identity in certain cases can have a "chilling effect" on future plaintiffs. *See Doe v. Colgate Univ.*, No. 15-CV-1069, 2016 WL 1448829, at \*3 (N.D.N.Y. Apr. 12, 2016) ("The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Trooper 1*, 2022 WL 869548, at \*4; *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014); *Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113, 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022). This is such a case. Plaintiff has already paid a steep price for blowing the whistle, and the price will rise significantly if she must litigate under her name. Permitting Plaintiff to proceed anonymously thus furthers the public interest by helping to prevent any further chilling effect on future whistleblowers who seek to hold powerful companies accountable.

### C. Citi is Aware of Plaintiff's Identity and Would Not Be Prejudiced

Citi will not suffer any prejudice if Plaintiff proceeds anonymously. Under this factor, courts consider issues like "the difficulties in discovery" and "the fundamental fairness of

proceeding [anonymously]." *EW*, 213 F.R.D. at 112. Citi already knows Plaintiff's identity, and thus there is no concern about Citi's ability to conduct discovery if Plaintiff proceeds anonymously. *See, e.g., Doe v. Smith,* 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (finding no prejudice to defendant that retained ability to depose any and all witnesses and obtain any and all documents); *Rapp v. Fowler*, No. 20-cv-9586, 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021). Plaintiff and Citi have engaged in pre-suit negotiations and have confidentially litigated her Sarbanes-Oxley claims within the Department of Labor. Citi therefore would be fully prepared to investigate Plaintiff's allegations in her Complaint, respond to those allegations, and request and obtain discoverable information from her.

The asymmetry of anonymity in this case weighs further against any prejudice to Citi and supports the "fundamental fairness" of Plaintiff proceeding anonymously. Plaintiff has accommodated Citi's requests to redact certain portions of her Complaint that, according to Citi, contain confidential information. Requiring Plaintiff to release her name publicly while permitting Citi to shield from disclosure certain information that may be unfavorable would risk producing an asymmetrical and inaccurate story of her tenure and termination at Citi. Citi cannot credibly argue that is prejudiced in these circumstances. *See Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1072 (9th Cir. 2000) (finding no prejudice to defendant at current stage of litigation where defendant could not identify any harm from permitting plaintiffs to proceed under pseudonyms).

### D. Plaintiff's Identity Has Thus Far Been Kept Confidential

Plaintiff has carefully maintained the confidentiality of her identity.[1]

## II. Conclusion

---

[1] Although she has disclosed her identity to the Department of Labor to exhaust her Sarbanes-Oxley claims before the Occupational Safety and Health Administration, that complaint is not publicly accessible.

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously.

Respectfully submitted on behalf of Plaintiff,

By: */s/ Shona B. Glink*

Linda D. Friedman (*pro hac vice application forthcoming*)
Shona B. Glink (# 4051280)
Daniel B. Lewin (*pro hac vice application forthcoming*)
STOWELL & FRIEDMAN LTD.
303 W. Madison, Suite 2600
Chicago, Illinois  60606
Phone: (312) 431-0888