UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

          Plaintiff,

    -against-

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC.,

         Defendants.

Civil Case No. 1:26-cv-3579

## DEFENDANTS' MEMORANDUM OF LAW IN
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY</u>

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT ............................................................................................................. 2

     A.    Plaintiff Presents No Compelling Justification for Proceeding
            Anonymously. ................................................................................... 4

     B.    Permitting Plaintiff to Proceed Anonymously Would Unfairly Prejudice
            Citi. .................................................................................................. 8

     C.    The Public Has An Interest In Knowing The Identity Of All Parties To
            This Action. ....................................................................................... 10

     D.    Alternative Mechanisms Exist to Protect Any Actual Privacy Interests
            That May Arise in Litigation. ............................................................. 11

CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdel-Razeq v. Alvarez & Marsal, Inc.*,
2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015).............................................................................6

*Doe v. Atchison Hosp. Ass'n*,
2018 WL 324259 (D. Kan. Jan. 8, 2018)..................................................................................11

*Doe v. Blue Cross & Blue Shield United of Wisc.*,
112 F.3d 869 (7th Cir. 1997) .....................................................................................................5

*Doe v. Brixinvest, LLC*,
2021 WL 886249 (C.D. Cal. Feb. 11, 2021)..............................................................................5

*Doe v. Brown Harris Stevens Residential Mgmt., LLC*,
809 F. Supp. 3d 163 (S.D.N.Y. 2025)......................................................................................6, 7

*Doe v. Cabrera*,
307 F.R.D. 1 (D.D.C. 2014).......................................................................................................6

*Doe v. City of New York*,
201 F.R.D. 100 (S.D.N.Y. 2001) ...............................................................................................9

*Doe v. Colgate Univ.*,
2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016)............................................................................6

*Doe v. Cornell Univ.*,
2021 WL 6128738 (N.D.N.Y. Jan. 28, 2021), *aff'd*, 2021 WL 6128807
(N.D.N.Y. Sept. 22, 2021) ..........................................................................................................5

*Doe v. Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) .......................................................................................3, 9, 10

*Doe v. Delta Airlines*,
310 F.R.D. 222 (S.D.N.Y. 2015) ...............................................................................................9

*Doe v. Fedcap Rehab. Servs.*,
2018 WL 2021588 (S.D.N.Y. April 27, 2018) .......................................................................3, 6

*Doe v. Intel Corp.*,
786 F. Supp. 3d 576 (S.D.N.Y. 2024)......................................................................................5, 8

*Doe v. Leonelli*,
2022 WL 2003635 (S.D.N.Y. June 6, 2022) ...........................................................................11

*Doe v. McAdam Fin. Grp. LLC*,
  2022 WL 3578569 (S.D.N.Y. Aug. 19, 2022) ..................................................................6

*Doe v. New York City Dep't of Educ.*,
  2023 WL 5237520 (S.D.N.Y. Aug. 15, 2023) .................................................................5

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) ................................................................................3, 8

*Doe v. Skyline Automobiles Inc.*,
  375 F. Supp. 3d 401 (S.D.N.Y. 2019) ...............................................................7, 10, 11

*Doe v. Sumitomo Fin. & Leasing, LTD*,
  2025 WL 2171702 (S.D.N.Y. July 31, 2025) .................................................................7

*Doe v. Telemundo Network Grp. LLC*,
  2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023) ...............................................................11

*Doe v. Townes*,
  2020 WL 2395159 (S.D.N.Y. May 12, 2020) ..............................................................6, 7

*Doe v. Weinstein*,
  484 F. Supp. 3d 90 (S.D.N.Y. 2020) ..............................................................................3

*In re: Gen. Motors LLC Ignition Switch Litig.*,
  2016 WL 1441804 (S.D.N.Y. Apr. 12, 2016) .................................................................7

*Lamus v. Sumitomo Mitsui Banking Corporation*,
  No. 1:26-cv-03725 (S.D.N.Y. May 5, 2026) ..................................................................5

*Martin v. Citibank, N.A., and Anand Selva*,
  2024 WL 2327631 (S.D.N.Y. May 22, 2024) .................................................................5

*N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*,
  2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) ...............................................................10

*Rapp v. Fowler*,
  537 F. Supp. 3d 521 (S.D.N.Y. 2021) ...........................................................................10

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185 (2d Cir. 2008) ...............................................................................2, 3, 4

*Sharkey v. J.P. Morgan Chase & Co., et al.*,
  2010 WL 1983199 (S.D.N.Y. May 10, 2010) .................................................................5

*Trooper 1 v. New York State Police*,
  2022 WL 22869548 (E.D.N.Y. June 9, 2022) ...............................................................10

**Other Authorities**

Fed. R. Civ. P. 10(a) ...............................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff was terminated by Citibank N.A.[1] six months into her employment after her colleagues made multiple, substantiated complaints regarding her behavior, including that she (1) referred to a client from Nigeria as the "Ethiopian client," and when informed of her error stated, "what's the difference, they're all the same;" (2) made comments about physically harming her co-workers, including statements such as, "she should be shot," I need to "know whose neck to choke" or "wring," and "I don't want to have to put my foot on somebody's neck;" and (3) publicly humiliated colleagues who she viewed as wasting her time or not being smart enough. Plaintiff does not wish to be publicly associated with this abhorrent behavior which led to her termination by Citi. As a result, she seeks to proceed as a Jane Doe Plaintiff.

While the currently anonymous Plaintiff is unwilling to proceed under her own name, she previously and repeatedly *under her own name* criticized Citi online and commented on Citi's alleged clients. And Plaintiff now seeks Jane Doe status while at the same time pursuing a media campaign to publicize her allegations.[2] Further, Plaintiff's Complaint smears the reputation of Citi and its employees, and publicizes other anonymous and unverified allegations from a blog

---

[1] Plaintiff was employed Citibank N.A. and references to "Citi" throughout this Motion refer to Citibank N.A. along with Citigroup Inc. and Citigroup Global Markets Inc. (the "Defendants") as appropriate.

[2] It seems clear that Doe and/or her agents have informed the press of the identity of the political figures and that they were Citi clients. Doe was one of a limited number of individuals with knowledge the political figures were opening accounts at Citi, Doe and/or her agents have previously been in contact with the press about claims against Citi, and Doe previously commented in her own name on an article about the political figure becoming a Citi client. Most significantly, immediately following the filing of the **redacted** Complaint, the press contacted Citi, identified the "political figure" by name, and asked Citi specific factual questions about the redacted allegations in the Complaint, allegations only Plaintiff and her counsel would know. Plaintiff would therefore also be breaking her confidentiality obligations to Citi, which itself results from the requirement to keep banking clientele information confidential under the Gramm-Leach-Bliley Act.

apparently run by her and other seemingly dissatisfied former Citi employees with help from counsel. This Court should not allow Plaintiff to affirmatively criticize Citi (including under her own name) and then retreat under a cloak of anonymity when convenient for her. Plaintiff's rationale for proceeding anonymously is likewise unpersuasive. Plaintiff claims that anonymity is necessary to protect her from alleged threats arising from the disclosure of a political figure's identity in the Complaint. But any such harm is the definition of a false equivalency. Plaintiff had to redact portions of her Complaint to comply with confidentiality obligations owed to Citi and under applicable law. Complying with mandatory confidentiality obligations does not provide Plaintiff *carte blanche* to litigate under a pseudonym.

Put simply, Plaintiff does not come close to meeting the Second Circuit's intentionally high bar to proceed anonymously—a showing of concrete harm to her physical safety or wellbeing due to proceeding under one's own name. This is a run-of-the mill retaliation claim under the Sarbanes-Oxley Act for which plaintiffs proceed under their own name as a matter of course. The limited circumstances where a plaintiff can proceed anonymously (*e.g.*, allegations of sexual assault or involvement of minors) are completely absent here and any claimed fear of retaliation is entirely speculative. The Court should deny Plaintiff's motion to proceed anonymously.

## **ARGUMENT**

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, the title of a Complaint must include the names of all parties to the case. Fed. R. Civ. P. 10(a). This requirement serves a "vital purpose" as "[t]he people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Indeed, the default and heavy presumption is that the public has a legitimate interest in knowing "the identity of the parties" involved in a lawsuit. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97-98 (S.D.N.Y. 2020) (quoting *Doe v. Shakur*, 164

F.R.D. 359, 361 (S.D.N.Y. 1996)); *see also Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . a right that is supported by the First Amendment") (internal citations omitted). When a litigant chooses to "ma[k]e serious charges" and "put her credibility in issue," the public has a right to know who that litigant is. *Shakur*, 164 F.R.D. at 361. It is thus Plaintiff's burden "to overcome the strong default rule that parties must proceed under their real names." *Doe v. Fedcap Rehab. Servs.*, 2018 WL 2021588, at *3 (S.D.N.Y. April 27, 2018) (denying plaintiff's request to proceed anonymously).

When determining whether to allow a plaintiff to proceed anonymously, district courts must balance the plaintiff's interest in anonymity against both the public's interest in disclosure and potential prejudice to the defendants. *Sealed Plaintiff*, 537 F.3d at 186-87. The Second Circuit has articulated the following non-exhaustive list of factors for courts to consider when balancing these competing interests:

(1) Whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously;

(3) Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of their age;

(5) Whether the suit is challenging the actions of the government or that of private parties;

(6) Whether the defendant is prejudiced by allowing the plaintiff to press his/her claims anonymously, whether the nature of

3

that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) Whether the plaintiff's identity has thus far been kept confidential;

(8) Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his/her identity;

(9) Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190. "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.*, at 191 n.4.

As explained below, the *Sealed Plaintiff* factors overwhelmingly weigh against anonymity: Plaintiff's alleged harms are conclusory and unsupported by evidence, while allowing anonymity would substantially prejudice Citi.

## A.      Plaintiff Presents No Compelling Justification for Proceeding Anonymously.

The first four factors consider potential harm to a plaintiff from proceeding under their true name. Each factor weighs against anonymity here, confirming that this is not the type of exceptional case warranting such relief. *Sealed Plaintiff*, 537 F.3d at 190 (factors include: (1) whether the case involves matters that are "highly sensitive and of a personal nature"; (2) whether identification poses a risk of retaliatory physical or mental harm; (3) whether identification presents other harms and the likely severity of those harms; and (4) whether the plaintiff is particularly vulnerable to such harms, including due to age).

4

Plaintiff—a sophisticated, highly compensated former Managing Director at Citi—alleges retaliation for raising compliance concerns. *See* Compl. ¶¶ 82-86. Such allegations do not render her particularly vulnerable, nor do they involve highly sensitive or personal matters with respect to her under the first and fourth factors. *Cf. Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties"). There are myriad examples of plaintiffs asserting SOX claims against large financial institutions in their own names. *See Martin v. Citibank, N.A., and Anand Selva*, 2024 WL 2327631 (S.D.N.Y. May 22, 2024); *Sharkey v. J.P. Morgan Chase & Co., et al.*, 2010 WL 1983199 (S.D.N.Y. May 10, 2010); *Lamus v. Sumitomo Mitsui Banking Corporation*, No. 1:26-cv-03725 (S.D.N.Y. May 5, 2026); *see also Doe v. Brixinvest, LLC*, 2021 WL 886249, at *7 (C.D. Cal. Feb. 11, 2021) (compelling plaintiff raising SOX retaliation claim to use their real name). Additionally, Courts routinely reject requests to proceed anonymously in workplace discrimination or retaliation disputes. *Doe v. Intel Corp.*, 786 F. Supp. 3d 576, 581 (S.D.N.Y. 2024) (declining to find that Plaintiff's claims were "highly sensitive and of a personal nature" where a Jewish employee brought discrimination and retaliation claims in the aftermath of the October 7, 2023 attack by Hamas on Israel); *Doe v. New York City Dep't of Educ.*, 2023 WL 5237520, at *3 (S.D.N.Y. Aug. 15, 2023) (holding that "claims of employment discrimination, harassment, and retaliation are *not* highly sensitive or personal in nature" and explaining that "Plaintiff is not vulnerable in light of her age—she is an adult"); *Doe v. Cornell Univ.*, 2021 WL 6128738, at *4 (N.D.N.Y. Jan. 28, 2021), *aff'd*, 2021 WL 6128807

(N.D.N.Y. Sept. 22, 2021) (finding discrimination and retaliation claims under Title II and the ADA were not highly sensitive and of a personal nature).[3]

Plaintiff likewise fails to satisfy the second and third factors, which require a concrete, non-speculative showing of retaliatory or other harm from proceeding under her real name. *See Doe v. Townes*, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) ("The risks must be more than speculative"). The principal harms Plaintiff identifies—reputational injury and economic harm—are insufficient as a matter of law. *Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588, at *3 ("Plaintiff wants what most employment-discrimination plaintiffs would like: to sue their former employer without future employers knowing about it. But while that desire is understandable, our system of dispute resolution does not allow it."); *Doe v. Brown Harris Stevens Residential Mgmt., LLC*, 809 F. Supp. 3d 163, 168 (S.D.N.Y. 2025) ("[E]ven if true, reputational harm alone is not enough to justify anonymity."); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) ("[P]otential professional losses are not a compelling reason to grant her motion because she has not demonstrated any real, non-speculative, impact on her professional prospects."); *Townes*, 2020 WL 2395159, at *4 ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.") (internal citation omitted). Moreover, Plaintiff's allegations are unsupported. She offers conclusory statements

---

[3] Plaintiff relies on cases dealing with sexual assault in high-profile circumstances—allegations unlike those here. *See, e.g., Doe v. Colgate Univ.*, 2016 WL 1448829, at *4 (N.D.N.Y. Apr. 12, 2016) (noting that with "allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected in order to properly adjudicate these claims"); *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) ("especially considering the defendant's notoriety as a major league baseball player, the Court . . . recognizes that there is a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." (alterations omitted) (citations omitted)). Plaintiff's other authority—*Doe v. McAdam Fin. Grp. LLC*, 2022 WL 3578569, at *1 (S.D.N.Y. Aug. 19, 2022)—does not address a contested Jane Doe motion.

about having "already suffered retaliation causing her economic and emotional harm," but she offers no direct evidence about the harm she faces. Motion at 3; *see also Doe v. Sumitomo Fin. & Leasing, LTD*, 2025 WL 2171702, at *3 (S.D.N.Y. July 31, 2025) ("[C]ourts require direct evidence linking disclosure of plaintiff's name to a specific injury." (alterations omitted) (citation omitted)).[4]

Plaintiff's suggestion that proceeding under her real name would cause psychological harm fares no better. *See* Motion at 3–4. Courts in this Circuit have rejected similar assertions where the alleged harm amounts to generalized anxiety or emotional distress. *Townes*, 2020 WL 2395159, at *4 (declining to grant anonymity where plaintiff argued proceeding under her own name would "cause a significant setback in her progress and enhance her anxiety and fears") (internal citation omitted); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (declining to allow Plaintiff to proceed anonymously where Plaintiff asserted that "revealing her true identity would only add to her emotional distress"); *Doe v. Brown Harris Stevens Residential Mgmt., LLC*, 809 F. Supp. 3d 163, 167 (S.D.N.Y. 2025) (declining to allow Plaintiff to proceed anonymously where "Plaintiff alleges that his identification would trigger more trauma and mental anguish . . . "). Such is the case here. Again, Plaintiff offers nothing to support her argument apart from alleging without support she "has already paid a steep price for blowing the whistle[.]" Motion at 4. And Plaintiff points to Citi defending itself against other accusations, but Plaintiff and her counsel are actively pursuing a media campaign to publish Plaintiff's allegations in this case about Citi.

---

[4] Should Plaintiff seek to introduce evidence in the Reply after deciding to file a six-page motion devoid of evidentiary support, the Court should hold such attempt forfeited. *See, e.g.*, *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1441804, at *8 n.3 (S.D.N.Y. Apr. 12, 2016) (declining to consider "declaration submitted on reply" because "the Court will not consider evidence or argument introduced for the first time in a reply").

Further, Plaintiff's contention that her allegations involving certain political figures may subject her to retaliation by their supporters, *see* Motion at 1, is entirely speculative and unsupported by any concrete evidence. *See Intel Corp.*, 786 F. Supp. 3d at 582 (rejecting anonymity where the alleged risk of harm was "speculative in nature"). Indeed, Plaintiff "provide[s] [no] 'direct evidence linking disclosure of [her] name to a specific physical or mental injury.'" *Id*. Plaintiff instead draws a false equivalence between her compliance with not revealing confidential banking information as required by law and by agreement, and her ability to seek "reciprocal anonymity." Motion at 3. That is unsupported by law, as Plaintiff's argument bare of legal authority establishes. *See id.* (Section I.A. is without legal support).

Finally, Plaintiff attempts to make a patently false argument that her Complaint could expose her to "retaliation from partisans" of "high-profile political figures" she names in the Complaint as clients of Citi. Motion at 1. But Plaintiff does not allege that the political figures did anything wrong whatsoever. Plaintiff's allegations focus on what Citi allegedly did wrong relating to the potential onboarding of the high-profile clients, and the manner in which Citi did so. Compl. ¶ 63. There is, therefore, no reason to expect retaliation to Plaintiff from her Complaint given there is no allegation of wrongdoing by the political figures.

**B.    Permitting Plaintiff to Proceed Anonymously Would Unfairly Prejudice Citi.**

Assuming *arguendo* that Plaintiff has made some minimal showing in favor of anonymity, it is plainly outweighed by the prejudice to Defendant under the fifth and sixth factors.

First, it would be fundamentally unfair to allow Plaintiff to publicly attack Citi and its employees while hiding behind anonymity herself. *Intel Corp.*, 786 F. Supp. 3d at 584–85 ("case law recognizes a defendant's interest in confronting an identified accuser, including publicly"); *Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names" (internal punctuation and citation

omitted)). Plaintiff's Complaint makes allegations against the following high-level current or former Citi employees: (1) David Poole; (2) Bob Cole; (3) Andy Sieg; (4) Valentin Valderrabano; (5) Valeria Vitola; and (6) Ajit Sequeira, Compl. ¶¶ 38, 40-41, 45, 50, 53-57, 66, 70-73, 76-77, and includes an entire section devoted to recounting anonymous allegations against other Citi employees. *Id.* ¶ 77. Plaintiff has also frequently and publicly posted on social media: (1) criticizing Citi; (2) promoting a blog which publishes unverified reports critical of Citi; and (3) commenting on Citi and its alleged clients. *See* Declaration of Brendan Killeen; Ex. A. Plaintiff should not be permitted gratuitous public attacks on Citi and its employees while remaining anonymous herself. *See Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) ("[defendants] have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy, and they were not afforded an opportunity to seek to have their names withheld from the public. If we are to have a policy of protecting the names of individual litigants from public disclosure, there is a very substantial interest in doing so on a basis of equality").

Second, Plaintiff proceeding anonymously could "deprive [Citi] and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159.

Third, Plaintiff proceeding anonymously would impede Citi's ability to conduct third party discovery and "unfairly impede defendant's ability to impeach the plaintiffs' credibility through cross examination and introduction of personal evidence at trial." *Id.*; *Doe v. Delta Airlines*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) ("A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account."). Plaintiff argues that "Citi already knows Plaintiff's

identity, and thus there is no concern about Citi's ability to conduct discovery if Plaintiff proceeds anonymously." Motion at 5. Yet Plaintiff cites *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021), where the District Court ***rejected*** this exact argument:

> Spacey has shown that he would be prejudiced during discovery because C.D.'s use of a pseudonym likely would prevent persons with information about C.D. or his allegations that would be helpful to Spacey's defense, but that now are unknown to Spacey, from coming forward. If they do not know who this accuser is, they likely would have no way of knowing that their information would be pertinent. ***Contrary to C.D.'s assertions, this asymmetry in fact-gathering would not be avoided by the fact that C.D. already has provided Spacey with his name.***

*Id.* (footnote omitted) (emphasis added).

### C. The Public Has An Interest In Knowing The Identity Of All Parties To This Action.

This Action does not center on abstract legal issues or challenges to broadly applicable public policies, but rather the very concrete (and false) allegations that Plaintiff has made against specific Citi employees. *See N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012) (identifying "a challenge to the constitutionality of legislation" such as in *Roe v. Wade* as an example of such a matter).[5] Thus, the eighth and ninth factors, which focus on the public interest in the Action and whether the Action concerns purely legal matters, also favor denying anonymity. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 ("Here, there are no abstract questions of law at issue" rather plaintiff alleged discrimination and harassment); *Del Rio*, 241 F.R.D. at 159 ("Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings

---

[5] In a similar vein, while Plaintiff relies on *Trooper 1 v. New York State Police*, 2022 WL 22869548, at *4 (E.D.N.Y. June 9, 2022), the court there noted "in suits against the government, a plaintiff's interest in anonymity is 'particularly strong.'" *Id.* (citation omitted). Putting aside the fact that defendants in *Trooper 1* ***did not oppose*** the motion to proceed anonymously, Plaintiff here attacks Citi and private individuals at Citi by name.

nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.").

    **D.**    **Alternative Mechanisms Exist to Protect Any Actual Privacy Interests That May Arise in Litigation.**

There are alternative mechanisms to protect Plaintiff's privacy interest in this Action short of allowing her to proceed anonymously. To the extent particular private information of Plaintiff is at issue, Citi stands ready to negotiate an appropriate protective order. *Doe v. Atchison Hosp. Ass'n*, 2018 WL 324259, at *3 (D. Kan. Jan. 8, 2018) (denying request to proceed anonymously but noting that a protective order "likely can provide the confidentiality plaintiff seeks" and plaintiff could move to file under seal or redact certain private documents). Moreover, there are numerous mechanisms short of anonymity, such as redacting and sealing documents, which can protect Plaintiff's privacy interest in court filings in this Action. Further, if Plaintiff asserts that publicly revealing any of her alleged protected activity would subject her to retaliation, Citi will work with her to seal that information. *Skyline Automobiles, Inc.*, 375 F. Supp. 3d at 408; *Doe v. Telemundo Network Grp. LLC*, 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023); *Doe v. Leonelli*, 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022). Additionally, if Plaintiff wants to remain anonymous, Citi has already offered to allow Plaintiff to submit her SOX claim to arbitration under Citi's arbitration policy (SOX permits parties to enter into post-dispute arbitration agreements), which would allow her to maintain anonymity and bring her SOX claim alongside any other claims she plans to raise in a single proceeding. Accordingly, the final factor weighs against allowing Plaintiff to proceed anonymously.

## CONCLUSION

Because Plaintiff has failed to meet her burden of overcoming the strong presumption that parties to a lawsuit should proceed under their real names, the Court should deny Plaintiff's Motion

to Proceed Anonymously.

Dated:  June 16, 2026

Respectfully submitted,

*/s/ Brendan Killeen*
Brendan Killeen
brendan.killeen@morganlewis.com
Sam Shaulson
sam.shaulson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel for Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.

Dated: June 16, 2026

*/s/Brendan Killeen*
Brendan Killeen
