**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JANE DOE,

             Plaintiff,

      -against-

CITIGROUP INC. and CITIGROUP
GLOBAL MARKETS, INC.,

           Defendants.

Civil Action No. 26-cv-03579

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MAINTAINING THE REDACTIONS IN THE COMPLAINT**

Brendan T. Killeen
Sam S. Shaulson
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6712
brendan.killeen@morganlewis.com
sam.shaulson@morganlewis.com

Grace E. Speights (*pro hac vice forthcoming*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5189
grace.speights@morganlewis.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................... 2

II.    LEGAL STANDARD.......................................................................................... 4

III.   ARGUMENT ...................................................................................................... 5

A.    PLAINTIFF'S ALLEGATIONS REGARDING THE IDENTITY OF CITI'S BANKING CLIENTS WARRANT REDACTION ....................................................... 5

B.    CONFIDENTIAL INFORMATION RELATED TO CITI'S ANTI-MONEY LAUNDERING PROTECTIONS AND CONTROLS SHOULD BE REDACTED........ 7

C.    CONFIDENTIAL SUPERVISORY INFORMATION SHOULD BE REDACTED .................................................................................................................. 8

D.    CONFIDENTIAL INFORMATION RELATED TO PLAINTIFF'S COMMUNICATIONS WITH CITI'S COUNSEL SHOULD BE REDACTED.............. 9

IV.   CONCLUSION.................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE(S)**

*BAT LLC v. TD Bank, N.A.*,
  2019 WL 13236131 (E.D.N.Y. Sept. 24, 2019), *objections overruled*,
  2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019)................................................................................7

*Botterio v. Tessel*,
  2025 WL 3718713 (E.D.N.Y. Dec. 23, 2025) ...............................................................................5

*Brinker v. Axos Bank*,
  2025 WL 1248913 (S.D. Cal. Apr. 30, 2025)................................................................................9

*Brower v. Acorn Advisors Grp. Holdings, LLP*,
  2018 WL 11415533 (S.D.N.Y. Mar. 14, 2018) ............................................................................6

*Bureau of Consumer Fin. Prot. v. Fifth Third Bank, N.A.*,
  No. 1:21-CV-262, 2021 WL 4848883 (S.D. Ohio July 8, 2021)..................................................9

*Chartwell Therapeutics Licensing LLC v. Citron Pharma LLC*,
  2019 WL 12518712 (E.D.N.Y. Dec. 4, 2019) ............................................................................10

*E. W. Bank v. Shanker*,
  2021 WL 3112452 (N.D. Cal. July 22, 2021)...............................................................................8

*Edwards v. Khalil*,
  2016 WL 1312149 (S.D.N.Y. Mar. 31, 2016) .............................................................................6

*Ello v. Singh*,
  531 F. Supp. 2d 552 (S.D.N.Y. 2007), *as amended* (Nov. 13, 2007) ......................................10

*Gov't Emps. Ins. Co. v. Mayzenberg*,
  2018 WL 10517073 (E.D.N.Y. Feb. 23, 2018)...........................................................................10

*Imig, Inc. v. Omi Elec. Appliance Compay Co.*,
  2021 WL 9628853 (E.D.N.Y. Jan. 11, 2021) ..............................................................................8

*Johnson v. Medisys Health Network*,
  2011 WL 5222917 (E.D.N.Y. June 1, 2011*), report and recommendation adopted as
  modified*, 2011 WL 4101323 (E.D.N.Y. Sept. 8, 2011) ...........................................................10

*King v. Habib Bank Ltd.*,
  2025 WL 212767 (S.D.N.Y. Jan. 16, 2025) .................................................................................7

*Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*,
  2024 WL 3443467 (E.D.N.Y. July 17, 2024)...............................................................................4

*PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*,
 2022 WL 4956050 (S.D.N.Y. Aug. 26, 2022) ...................................................................8

*Sec. & Exch. Comm'n v. Ripple Labs, Inc.*,
 2023 WL 3477552 (S.D.N.Y. May 16, 2023) ..................................................................6

*Sec. & Exch. Comm'n v. Telegram Grp. Inc.*,
 2020 WL 3264264 (S.D.N.Y. June 17, 2020) ..................................................................6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
 2011 WL 1378602 (Bankr. S.D.N.Y. Apr. 12, 2011)......................................................8

*Stegmann on Behalf of Covetrus, Inc. v. Wolin*,
 2021 WL 1838219 (E.D.N.Y. May 7, 2021) ...................................................................5

*United States v. Amodeo*,
 71 F.3d 1044 (2d Cir. 1995)............................................................................................5

*United States v. Chen*,
 99 F.3d 1495 (9th Cir. 1996) ........................................................................................10

*United States v. Ghavami*,
 882 F. Supp. 2d 532 (S.D.N.Y. 2012)........................................................................9, 10

*Valassis Commc'ns, Inc. v. News Corp.*,
 2020 WL 2190708 (S.D.N.Y. May 5, 2020) ...................................................................4

**STATUTES**

15 U.S.C. § 6801...................................................................................................................6

**OTHER AUTHORITIES**

12 C.F.R. § 1070.41 .............................................................................................................9

12 C.F.R. § 4.37 ...................................................................................................................8

Fed. R. Civ. P. 26(c)(1).......................................................................................................4

Local Rule 7.1 ......................................................................................................................1

Plaintiff Jane Doe held a senior position within Citi's Wealth Enterprise Risk Management and Controls group. In that role, she was responsible for Anti-Money Laundering ("AML") Governance and Oversight, Reputation Risk Governance, Fraud Prevention, and Conduct Risk Management. Given the seniority of Plaintiff's position and her access to sensitive information concerning Citi's banking clients, as well as the controls Citi employs to protect the U.S. financial system from bad actors, in consideration of accepting her role, Plaintiff executed confidentiality agreements safeguarding such information. Consistent with those confidentiality obligations, as well as her other legal and regulatory duties, Plaintiff redacted limited confidential information when filing the Complaint.

On June 22, 2026, in a docket order, the Court requested briefing regarding the legal basis for the redactions in the Complaint. Citigroup Inc. and Citigroup Global Markets Inc. (collectively, "Citi") pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 7.1, respectfully request that the Court permit Plaintiff to maintain the narrowly-tailored redactions currently reflected in the Complaint as the redactions are well supported by caselaw in this Circuit. Defendants do not seek to shield Plaintiff's allegations from public scrutiny. Rather, the requested relief is limited to protecting four narrow categories of information that implicate recognized interests in confidentiality, privilege, customer privacy, and banking regulation. Specifically, Citi seeks to maintain redactions concerning: (1) allegations regarding Citi's purported banking clients; (2) discussions of Citi's alleged AML risk-management practices and controls, the disclosure of which could provide threat actors with insight into Citi's protective measures; (3) communications with Citi's prudential regulators that constitute confidential supervisory information ("CSI"); and (4) purported privileged legal advice allegedly provided to Plaintiff by Citi's in-house counsel.

Citi also requests that while this Motion is pending that the Court order that the unredacted Complaint be maintained under seal.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff held a senior position in Citi's Wealth Enterprise Risk Management and Controls Group. *See* Complaint ("Compl.") ¶¶ 24-25. In her position, Plaintiff was responsible for, among other items, identifying and mitigating risk for client onboarding including AML and know-your-client ("KYC") processes. Compl. ¶¶ 29, 37. Given her position, Plaintiff was privy to Citi's proprietary information and sophisticated efforts to ensure that Citi complies with its KYC and AML obligations. Plaintiff also had access to highly sensitive information regarding client accounts.

In consideration of accepting employment, Plaintiff executed an Offer Letter (Exhibit A) and an Intellectual Property & Confidential Information Agreement (Exhibit B) (collectively, the "Agreements") to protect the sensitive information she had access to in her role. *See* Declaration of Mark Sadloski, ¶¶ 4–5, Exs. A & B.[1] Both Agreements obligate Plaintiff to protect against the public disclosure of Citi's confidential information both during and after her employment. Indeed, the Offer Letter prohibits the disclosure of "any personal, proprietary, confidential and/or secret information of or regarding Citi that you may have access to or acquire during the course of your employment with Citi." Offer Letter at 9. Likewise, the Intellectual Property & Confidential Information Agreement prohibits Plaintiff from disclosing:

---

[1] Citi has redacted certain information in Plaintiff's offer letter in light of Plaintiff's motion to proceed as a Jane Doe Plaintiff.

information regarding [Citi's] business, products and services, methods, systems, and business plans, and information (including personal information) regarding its current, former and prospective clients, or vendors (collectively, 'Confidential Information')…. Confidential Information shall include, but shall not be limited to, pricing information, trading strategies, analytic models, banking transactions, account activity, new products in development, internal reports, and any proprietary or licensed software. Confidential Information may also include 'internal non-public information' under the federal securities law and Citi's Information Barrier Policy. 'Personal Information' shall include any information that: identifies or can be used to identify an individual or household (such as name, signature, address… or relates to an individual and that might be sensitive (such as personal medical or health information, account number, account value).

Intellectual Property & Confidential Information Agreement at 1. Further, in both Agreements Plaintiff acknowledged her obligation to file any Citi confidential information in court under seal. Offer Letter at 11; Intellectual Property & Confidential Information Agreement at 2 (permitting the disclosure of Confidential Information "in a court filing **<u>under seal</u>** in connection with a retaliation or other lawsuit or proceeding, as permitted under the Defend Trade Secrets Act") (emphasis added).

Consistent with Plaintiff's obligations to Citi and the governing caselaw in this Circuit, she filed a Complaint with targeted redactions which protect:

- The alleged identity and conduct of several individuals who Plaintiff alleges are Citi's clients, which, if true, is not only confidential Citi information but also is information required to be kept confidential by the Gramm-Leach-Bliley Act and its implementing Regulation P. *See* Compl. ¶¶ 37, 62–64.

- Citi's alleged risk-management practices and controls surrounding AML/KYC. *See id.* ¶¶ 32, 34–39, 41, 44–47, 49, 53–54, 57–58, 67, 69. Such information, even if not accurate, can be used by threat actors to determine alleged gaps in Citi's controls. Citi's procedures also constitute proprietary business information which warrant sealing.

- Communications about the contents of alleged discussions between Citi and its banking regulators, including the Office of the Comptroller of the Currency ("OCC"), which constitute CSI. *Id.* ¶ 42, 43, 62.

- Privileged legal advice Citi's in-house counsel purportedly provided to Plaintiff after Plaintiff sought counsel regarding anti-trust risk faced by Citi. *See id.* ¶¶ 55-56.

## II.   <u>LEGAL STANDARD</u>

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for courts to permit redaction of documents. Fed. R. Civ. P. 26(c)(1). In ruling on a motion to redact a judicial document, a court must balance the public's interest in access to the judicial document against "all of the factors that legitimately counsel against disclosure of the judicial document." *Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc*., 2024 WL 3443467, at \*2 (E.D.N.Y. July 17, 2024). "Established factors and values that can outweigh the presumption of public access include legal privilege, business secrecy, and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at \*1 (S.D.N.Y. May 5, 2020) (internal citations omitted). "If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Id.*; *see also Northwell Health, Inc.* 2024 WL 3443467, at \*2 ("Courts commonly seal documents that contain 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'").

In assessing the weight to be given to privacy interests, the Court should consider the following: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "[t]he nature and degree of the injury" that will be caused by revealing the

information, which may include determining "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Further, courts look favorably upon limited and targeted redactions rather than wholesale sealing. *Botterio v. Tessel*, 2025 WL 3718713, at *7 (E.D.N.Y. Dec. 23, 2025) ("The Court agrees that sealing is appropriate, in light of the commercial interests asserted and the narrowly tailored sealing and redactions to the memorandum in support of Tessel's motion to dismiss."); *Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) ("Having reviewed the proposed redactions, and in the absence of any argument that the redactions are overly broad, the Court finds that the redactions are narrowly tailored to protect against disclosure of confidential and commercially sensitive information that would cause Covetrus competitive harm. Based on the existing record, the Court concludes that the harm to Covetrus from disclosure of the redacted portions of the pleading outweighs the presumption of public access to those portions.")

As shown below, both public and private institutions have a strong interest in protecting banks from threat actors, and individuals at issue (non-parties who are clients of Citi) have a right for their information to be redacted.

## III.   <u>ARGUMENT</u>

### A.   *Plaintiff's Allegations Regarding the Identity of Citi's Banking Clients Warrant Redaction*

The current redactions protect from disclosure the names of purported Citi clients (and additionally the name of a purported potential client), including Plaintiff's alleged concerns about these clients. Compl. ¶¶ 37, 62, 63, 64. Citi does not seek to shield the public from the fact that Plaintiff allegedly raised certain concerns, which was in fact what Citi hired Plaintiff to do. Citi only seeks to protect the identity of the non-parties involved and redact confidential information

related to their accounts. There are many factors that weigh in favor of redacting this confidential information.

First, the Gramm-Leach-Bliley Act provides that financial institutions have "an affirmative and continuing obligation to respect the privacy of [their] customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801. Consistent with the requirement that financial institutions safeguard the identity of their clients and account information, Citi seeks to maintain targeted redaction of its purported clients' confidential information.

Second, the clients' privacy interests related to their confidential banking and financial information support granting redactions of the purported clients' private information. In fact, a court within this Circuit previously directed a plaintiff to file an amended complaint substituting two client names at issue for "Client A" and "Client B," holding that "client confidentiality and protecting the reliance that contracts induce – are 'higher values' that warrant preservation over the First Amendment right of access." *Brower v. Acorn Advisors Grp. Holdings, LLP*, 2018 WL 11415533, at *3 (S.D.N.Y. Mar. 14, 2018); *see also Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) ("Personal and financial information implicate significant privacy interests that overcome the strong presumption of public access[.]"); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents"); *Edwards v. Khalil*, 2016 WL 1312149, at *1 n.5 (S.D.N.Y. Mar. 31, 2016) (noting that "[m]any of the documents under seal contain sensitive and personal information about innocent third parties" and the court made every effort to "preserve the anonymity of the non-parties").

## B. Confidential Information Related to Citi's Anti-Money Laundering Protections and Controls Should Be Redacted

Financial institutions, including Citi, are required to have effective controls which protect against "the abuses of financial crime, including money laundering, terrorist financing, and other illicit financial transactions." Federal Financial Institutions Examination Council (FFIEC) Bank Secrecy Act (BSA)/Anti-Money Laundering (AML) Examination Manual at 7. Citi works cooperatively with its regulators to "develop, implement, and maintain effective AML programs that address the ever-changing strategies of money launderers and terrorists who attempt to gain access to the U.S. financial system." *Id*.

Plaintiff's Complaint includes myriad alleged details about Citi's alleged risk-management practices and controls surrounding AML/KYC. For example, Plaintiff makes allegations regarding: Citi's KYC/AML procedures, including how risk is evaluated, details about Citi's risk controls with respect to certain countries, and Citi's verification processes. Compl. ¶¶ 32, 34–39, 41, 44–47, 49, 53-54, 57–58, 67, 69. The public filing of information about Citi's AML compliance policies and procedures, and Citi's KYC policies, harms Citi and broader efforts to secure financial institutions against financial crime by revealing Citi's risk control and assessment policies to potential violators who seek to evade Citi's, and other financial institutions, AML and KYC controls. *BAT LLC v. TD Bank, N.A.*, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019) (ordering the filing of deposition transcripts under seal where they "discuss the Bank's security operations; TD Bank avers that if such information was made publicly available, it could jeopardize the security of both the Bank and its customers.").

It is for this reason that courts routinely permit redacted and sealed filings for information related to banking controls  *King v. Habib Bank Ltd.*, 2025 WL 212767, at *2 & n.2 (S.D.N.Y.

-7-

Jan. 16, 2025) (granting motion to seal information including "(A) bank customer information, including medical information; (B) compliance procedures; (C) regulatory oversight and supervisory materials, including regulatory inspections; and (D) KYC procedures, all of which the parties have designated as confidential under the Protective Order and/or are typically kept strictly confidential by the parties"); *E. W. Bank v. Shanker*, 2021 WL 3112452, at \*18 (N.D. Cal. July 22, 2021) (granting motion to seal "information regarding Blue Ridge Bank's BSA/AML/OFAC/KYC procedures"); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 1378602, at \*3 (Bankr. S.D.N.Y. Apr. 12, 2011) ("Not only is the KYC and AML Information proprietary, but its public dissemination could result in unintended adverse consequences for the public at large."); *Imig, Inc. v. Omi Elec. Appliance Compay Co.*, 2021 WL 9628853, at \*2 (E.D.N.Y. Jan. 11, 2021) (accepting proposed redactions to, among other things, "the identities of third parties, customers, . . . negotiation information, . . . [and] tax and banking information").

Allegations about Citi's AML/KYC procedures also constitute proprietary business information which warrant sealing. *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 2022 WL 4956050, at \*2 (S.D.N.Y. Aug. 26, 2022) (Courts "have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing.").

### C. Confidential Supervisory Information Should Be Redacted

Plaintiff's complaint includes allegations about the contents of alleged discussions between Citi and its banking regulators, including items allegedly of particular concern to the OCC. Compl. ¶¶ 42, 43, 62. Such discussions constitute CSI which is required to be kept confidential by federal regulation. 12 CFR § 4.37 ("Without OCC approval, no person, national bank, Federal savings

association, or other entity, including one in lawful possession of non-public OCC information under paragraph (b)(2) of this section, may disclose information covered by this subpart."). To protect such information from public disclosure, courts routinely order the sealing of CSI. *See, e.g.*, *Brinker v. Axos Bank*, 2025 WL 1248913, at \*1 (S.D. Cal. Apr. 30, 2025) ("the Court finds that Defendant has shown compelling reasons to seal the documents that contain non-public supervisory information from its primary regulator, the Office of the Comptroller of the Currency ('OCC'), as they contain confidential and privileged non-public supervisory information from the OCC, and unauthorized disclosure would violate federal regulations."); *Bureau of Consumer Fin. Prot. v. Fifth Third Bank, N.A.*, No. 1:21-CV-262, 2021 WL 4848883, at \*1 (S.D. Ohio July 8, 2021) ("Under 12 C.F.R. § 1070.41, parties possessing CSI cannot normally disclose that information. That means Fifth Third has an obligation, under federal law, not to make public any CSI in its possession.")

### D. *Confidential Information Related to Plaintiff's Communications with Citi's Counsel Should Be Redacted*

In addition, Plaintiff's Complaint makes allegations about an alleged entirely appropriate conversation she had with in-house counsel in Citi's Wealth group seeking legal advice. Compl. ¶ 55, 56. Citi's in-house counsel was allegedly providing prudent counsel to Plaintiff, an agent of Citi, on behalf of Citi as an organization. Thus, Plaintiff's conversation with in-house counsel was covered by the attorney-client privilege and such attorney-client privilege belongs to Citi. *See United States v. Ghavami*, 882 F. Supp. 2d 532, 538–39 (S.D.N.Y. 2012) ("the attorney-client privilege protects communications by corporate employees to counsel for the corporation who is acting as a lawyer, as long as the communications are made at the direction of corporate superiors in order to secure legal advice and the employees are aware that they are being questioned in connection with the provision of such advice"). Plaintiff, as an individual employee who is now

adverse to Citi, cannot waive Citi's attorney-client privilege by publicly disclosing such conversations in public court filings. *See id.* ("Once the privilege attaches, however, it may be waived only by someone with appropriate corporate decision making authority . . . [such as] the corporation's management[.]"); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors" so "[a]n employee must generally keep an employer's confidences" (internal citation omitted)). Thus, to protect the attorney-client privilege held by Citi (and to avoid waiver of such privilege by disclosure to third parties), the Court should maintain redactions for alleged conversations Plaintiff had with Citi's in-house counsel. *Johnson v. Medisys Health Network*, 2011 WL 5222917, at *29 (E.D.N.Y. June 1, 2011*), report and recommendation adopted as modified*, 2011 WL 4101323 (E.D.N.Y. Sept. 8, 2011) (in suit by former in-house counsel ordering redactions of portions of the Complaint which revealed information subject to the attorney-client privilege); *Ello v. Singh,* 531 F. Supp. 2d 552, 584–85 (S.D.N.Y. 2007), *as amended* (Nov. 13, 2007) (granting sealing as to portions of pleading implicating attorney-client privilege); *Gov't Emps. Ins. Co. v. Mayzenberg*, 2018 WL 10517073, at *2 (E.D.N.Y. Feb. 23, 2018) ("He may file the motion under seal if he attaches documents that are subject to the attorney-client privilege."); *Chartwell Therapeutics Licensing LLC v. Citron Pharma LLC*, 2019 WL 12518712, at *5 (E.D.N.Y. Dec. 4, 2019) (where there was dispute regarding whether emails were subject to the attorney client privilege permitting them to be filed under seal).

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order requiring that the unredacted Complaint be filed under seal pending adjudication of this Motion

and permitting the Complaint to remain on the public docket in its current redacted form and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

June 23, 2026                          **MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Brendan T. Killeen*
Brendan T. Killeen
Sam S. Shaulson
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6712
brendan.killeen@morganlewis.com
sam.shaulson@morganlewis.com

Grace E. Speights (*pro hac vice forthcoming*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004
 (202) 739-5189
grace.speights@morganlewis.com

*Attorneys for Defendants*