UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

       Plaintiff,

  -against-

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC.,

       Defendants.

Civil Case No. 1:26-cv-3579

**DEFENDANTS' REPLY IN SUPPORT
<u>OF MAINTAINING THE REDACTIONS IN THE COMPLAINT</u>**

Defendants Citigroup Inc. and Citigroup Global Markets Inc. (collectively, "Citi") submit this Reply Brief in further support of their Motion to Maintain the Redactions in the Complaint (the "Redaction Motion"). Dkt. No. 15. Defendants' Redaction Motion explained that the redactions in the Complaint are narrowly tailored to protect against the public disclosure of Citi's alleged clients, the Know-Your-Client ("KYC") and Anti-Money Laundering ("AML") practices that Citi uses to protect itself from bad actors, communications regarding correspondence with banking regulators, and communications protected by the attorney-client privilege. *See id.*

Subsequently, Plaintiff filed her Reply in support of proceeding as a Jane Doe Plaintiff. Dkt. No. 18. Despite its title, Plaintiff's Reply devotes substantial ink to opposing the redactions currently in the Complaint. Indeed, Plaintiff's Reply does not meaningfully refute the key reasons why she should not be permitted to proceed anonymously. Specifically, Plaintiff does not dispute that: (1) she previously criticized Citi online under her own name and publicly commented on Citi's alleged clients; (2) Plaintiff and/or her agents have initiated a press campaign against Citi, including by revealing the identities of Citi's alleged clients (and thus Plaintiff cannot manufacture the very publicity on which she now relies to justify anonymity); and (3) Plaintiff identifies no harm unique to this Action that would result from proceeding under her own name, instead pointing only to a single online comment regarding Jane Doe's political views and generalized concerns about future employment.

Given that Plaintiff has used her Jane Doe Reply Brief to oppose Defendants' Motion to Maintain Redactions, and that the Court requested all briefing on the Complaint redactions by today, *see* June 22, 2026 docket order, Defendants respectfully address below the arguments Plaintiff raises against maintaining those redactions.

## ARGUMENT

### I.      Citi's Narrowly Tailored Redactions Do Not Prejudice Plaintiff

Plaintiff fails to rebut Citi's showing that caselaw within the Second Circuit supports each category of information that Citi seeks to redact. Motion at 5-10. Indeed, the only specific concern that Plaintiff raises about particular redactions is that "some of the redactions pertained not to Citi but *to other financial firms*." Reply at 2. However, that concern is misplaced because the references to other financial institutions were redacted as they revealed Plaintiff's allegations comparing the practices at those institutions to alleged control deficiencies at Citi. Motion 7-8 (courts routinely order that information about alleged bank control weaknesses be redacted).

The heart of Plaintiff's argument (unsupported by any case law) is that "Citi has prejudiced Plaintiff by mandating that she redact the heart of her claims." Reply at 2. This assertion is inaccurate. Plaintiff's unredacted Complaint has been filed under seal with the Court, and the redacted version of the Complaint makes clear that Plaintiff alleges she was terminated for raising concerns about purported control deficiencies at Citi. *See, e.g.*, Compl. ¶¶ 65–81. Plaintiff's claims are therefore plainly articulated on the public docket, and the Court may review her Complaint in full. There is no prejudice to Plaintiff's ability to pursue her claims.

Plaintiff's real concern is that adhering to her confidentiality obligations to Citi and this Circuit's case law on redactions will limit her ability to litigate in the court of public opinion. Reply at 3 (arguing that Citi's requested redactions mean that "Plaintiff cannot meaningfully prosecute her claims and defend her good name"). However, Plaintiff lacks a right to publicly

2

disclose Citi's confidential information and agreed to protect that confidential information as a condition of taking her very senior and well-compensated position at Citi.

Unable to identify any prejudice resulting from the proposed redactions, Plaintiff attempts to equate her request to proceed anonymously with Defendants' request to maintain limited redactions in the Complaint. The two issues are fundamentally different. Citi seeks to protect discrete categories of confidential information that are protected from disclosure by the law and/or the parties' agreement, and where it is settled law that parties do not lose the right to protect confidential information merely because they are involved in litigation. *Rapaport v. Strategic Fin. Sols.*, LLC, 190 A.D.3d 657, 658 (1st Dep't 2021) (permitting breach of contract claim to proceed where the pleading contained confidential information). Plaintiff, on the other hand, seeks to circumvent the default rule that litigants must identify themselves. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93, 97-98 (S.D.N.Y. 2020) (explaining the heavy default presumption embedded in the Federal Rules of Civil Procedure that "a complaint must name all parties"). Moreover, allowing Plaintiff to proceed as a Jane Doe would prejudice Defendants throughout these proceedings. Among other things, Plaintiff's anonymity would deprive Defendants of the opportunity to identify and hear from currently unknown witnesses who may possess information relevant to this Action. *See, e.g.*, *Doe v. Leonelli*, 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022) ("Plaintiffs do not account for the prejudice suffered by the asymmetry of information that may occur in this case; for example, potentially unknown witnesses may not otherwise come forward if 'they do not know who this accuser is'; 'they likely would have no way of knowing that their information would be pertinent'" (citation omitted)); *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information

about the events or the credibility of witnesses"). For instance, Plaintiff's former coworkers at other employers may have observed problematic and abrasive conduct similar to that which led to her termination from Citi. In addition, Defendants are entitled to pursue third-party discovery regarding Plaintiff's conduct at prior employers and in other professional settings, and Plaintiff's continued anonymity would significantly complicate those efforts. *Doe v. Combs*, 2025 WL 1079038, at \*3 (S.D.N.Y. Apr. 9, 2025), *aff'd*, 2026 WL 742650 (2d Cir. Mar. 17, 2026) ("despite plaintiff's claims, concealment of plaintiff's identity could hamper defendants' ability to conduct discovery... defendants are likely to seek discovery from third-party witnesses, including plaintiff's employer... When one party is anonymous and others are not, there exists a significant 'asymmetry in fact-gathering'") (internal citations and quotations omitted); *Weinstein*, 484 F. Supp. 3d at 97 (noting that defendant "might need to disclose [plaintiff's] name to at least some third parties" and finding that the sixth factor weighed against plaintiff).

## II. Citi's Compliance with Its Regulatory Obligations and Efforts to Protect Its KYC/AML Controls

As part of Plaintiff's role at Citi, Plaintiff had access to information (such as confidential supervisory information and banking client identity) which Citi is required by law to keep confidential. She also has information regarding the state of Citi's AML/KYC controls which could be exploited by bad actors. Motion at 2-3, 7-8. Given the sensitive information to which Plaintiff had access (and Citi's well-founded suspicion that Plaintiff had already revealed the identity of Citi's clients to the press), Citi wrote to Plaintiff to make clear that while she had every right to pursue her claims in the appropriate forum, she remained obligated to take all necessary steps to protect Citi's confidential information. Dkt. 19-3.

Citi's efforts appropriately balanced Plaintiff's right to bring whistleblower claims in the appropriate forum with Citi's obligation to adhere to its regulatory obligations and protect the

operation of its AML and KYC controls. Indeed, Courts have consistently rejected the notion that whistleblower statutes excuse compliance with otherwise valid confidentiality obligations. *See, e.g.*, *Tides v. Boeing Co.*, 2010 WL 537639, at \*2-3 (W.D. Wash. Feb. 9, 2010), *aff'd sub nom. Tides v. The Boeing Co.*, 644 F.3d 809 (9th Cir. 2011) (publicly revealing confidential information to "the media [is] not protected by SOX"); *Vaughn v. Villa*, 2006 WL 2987728, at \*4 (W.D. Okla. Oct. 17, 2006), a*ff'd sub nom. Vaughn v. Epworth Villa*, 537 F.3d 1147 (10th Cir. 2008) ("as a matter of law [] plaintiff's copying and disclosure of the confidential personal health information in defendant's records [to the EEOC] was not 'protected activity.'"). Likewise, revealing confidential information in a court filing does not somehow relieve a Plaintiff from confidentiality obligations. *Conti v. Doe*, 535 F. Supp. 3d 257, 281 (S.D.N.Y. 2021) ("Dr. Conti provides no legal authority from the Second Circuit, and the Court is aware of none, to suggest that the litigation privilege can or should be extended to preclude a claim for breach of confidentiality."); *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 2019 WL 8400250, at \*3 (D. Minn. Sept. 19, 2019) ("If the Court adopted Plaintiffs' argument, it would create perverse incentives for litigants seeking to avoid liability for breaching confidentiality obligations. A party could use litigation as a tool for extortion by threatening to file confidential information in court unless the other party paid the price demanded.").

Accordingly, Citi's communications did not threaten Plaintiff or seek to deter her from pursuing her claims. They merely reminded her that, notwithstanding her right to pursue those claims, she remained obligated to protect Citi's confidential information.

## CONCLUSION

For the above reasons, and those articulated in the Motion, Citi respectfully requests that the Court maintain the presently redacted Complaint on the public docket and keep the unredacted Complaint under seal.

Dated: June 26, 2026                      Respectfully submitted,

*/s/ Brendan Killeen*
Brendan Killeen
brendan.killeen@morganlewis.com
Sam Shaulson
sam.shaulson@morganlewis.com
Lucas Hakkenberg
lucas.hakkenberg@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 26, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.

Dated: June 26, 2026                                         */s/Brendan Killeen*
                                                             Brendan Killeen