**Stowell & Friedman, Ltd.**

Attorneys at Law

303 West Madison Street
Suite 2600
Chicago, Illinois 60606

phone: 312.431.0888
fax: 312.431.0228

www.stowellfriedman.com

Linda D. Friedman
lfriedman@sfltd.com

July 9, 2026

**VIA ECF**

Hon. Natasha C. Merle
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   *Jane Doe v. Citigroup Inc. and Citigroup Global Markets, Inc.*
>        Case No. 1:26-cv-3579

Your Honor:

We write in response to Defendants' Citigroup Global Markets Inc. and Citigroup Inc. (together, "Citi") request for a pre-motion conference regarding a motion to stay Plaintiff Jane Doe's ("Doe") Sarbanes-Oxley Act ("SOX") claim brought under 18 U.S.C. § 1514A *et seq.* (Dkt. 22) As detailed below, we object to Citi's request to file a motion to stay.

## I.      A Stay is Premature Because There is No Ongoing Arbitration

Citi's request for a stay of Doe's SOX claim in favor of arbitration of her race and sex discrimination and breach of contract claims is puzzling; Doe has filed no such claims, and no such arbitration is ongoing. While the Complaint includes a footnote stating that Doe anticipates filing these claims, that is hardly a basis on which this Court can assess the factual and legal issues of each claim to determine whether a stay is appropriate.

While certain stays may be appropriate "if the arbitrable claims predominate the lawsuit and the non-arbitrable claims are of questionable merit," *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 856 (2d Cir. 1987), this presupposes that arbitrable claims *have* been filed. Citi identifies no case that stayed a litigation pending hypothetical arbitration. The cases Citi cites stayed litigation only after the plaintiff asserted both non-arbitrable claims *and* arbitrable claims. And this makes sense: only when the court has before it the full contours of the factual and legal disputes of all claims can it determine whether a stay is warranted. Citi would have this Court guess whether, when, and to what extent Doe brings her arbitrable claims, but these are questions subject to Doe's own strategic considerations.

In addition to these practical concerns, there are real equity concerns. An indefinite stay of Doe's SOX claim—for which there is an "explicit congressional command" against arbitration—in favor of a nonexistent arbitration, would prejudice Doe. *Murray v. UBS Sec., LLC*, 2015 WL 769586, at *8 (S.D.N.Y. Feb. 24, 2015). *See* § 1514A(e)(2). For the past nine months, beginning with proper administrative exhaustion before the Occupational Safety and Health Administration ("OSHA"), Doe has diligently pursued her SOX claim (and only her SOX claim). Without even

an EEOC charge, Citi is left to cherry-pick loose references to Doe's sex and race from the Complaint and suggest these illusory claims "dominate" the Complaint. Citi's failure to seek a stay when Doe filed her action, and its hastiness in now seeking a stay, belies its real preference to sidestep the Court's determination of whether Citi properly mandated that Doe redact 30 paragraphs from her Complaint.

Simply put, a stay cannot resolve factual questions concerning claims that are not before this (or any) Court, and there is reason to doubt Citi's sincerity in now seeking the stay.

## II. Even if There Was Ongoing Arbitration of Additional Claims, A Discretionary Stay is Not Appropriate

Even had Doe filed discrimination and breach of contract claims that proceeded to arbitration, a stay would still be unfounded.

First, a stay would undermine the clear Congressional mandate guaranteeing that SOX plaintiffs have access to a public judicial forum. In 2010, eight years after Congress passed the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745 (2002), Congress took whistleblower protections a step further with the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010). Until 2010, complaints alleging a violation of Sarbanes–Oxley whistleblower protection were arbitrable. *See Guyden v. Aetna, Inc.*, 544 F.3d 376, 384 (2d Cir. 2008). In the Dodd-Frank Act, Congress amended Sarbanes-Oxley to include, *inter alia*, an anti-arbitration provision that "[n]o predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section." § 1514A(e)(2). It is well-settled that this clause "evidences clear congressional intent" that such claims be "precluded from arbitration," and brought in federal court. *Daly v. Citigroup Inc.*, 939 F.3d 415, 423 (2d Cir. 2019).

Citi ignores Dodd-Frank's explicit directive on which courts—including in this Circuit—have relied in denying stays, despite ongoing and overlapping arbitration of related claims. In *Murray v. UBS Sec.*, the Southern District of New York refused to stay a plaintiff's SOX claim while his related Consumer Financial Protection Act ("CFPA") claim proceeded in arbitration, reasoning that "[i]t would be curious to allow an arbitration award to preclude remedies under a statutory scheme for which arbitration has been deemed inappropriate by Congress; it would be equally curious to stay litigation of such a statutory claim so that arbitration might proceed unimpeded on a different claim." 2015 WL 769586, at *8. It so held "despite the inefficiencies" that came with parallel proceedings. *Id.* (internal quotation omitted). *See also Vuoncino v. Forterra, Inc.*, 2022 WL 868274, at *8 (N.D. Tex. Feb. 28, 2022) *report and recommendation adopted*, 2022 WL 865893 (N.D. Tex. Mar. 22, 2022) (finding plaintiff's interest in "a direct path to a federal forum for his SOX claim" outweighed defendants' interest in arbitrating other claims, allowing arbitrable and nonarbitrable claims to "proceed concurrently"); *Wusow v. Bruker Corp.*, 2017 WL 2805016, at *9 (W.D. Wis. June 28, 2017) (court was "strongly disinclined to deny" the

SOX plaintiff "the right to a federal forum"). *See also Citigroup Glob. Markets Inc. v. Preis*, 2015 WL 1782135, at *5 (S.D.N.Y. Apr. 14, 2015) (denying motion to dismiss SOX claim despite ongoing arbitration of related Dodd-Frank claim).

Citi's in-circuit authorities are inapposite because they involve the stay of claims that Congress did not expressly exempt from arbitration or guarantee a federal judicial forum. *See, e.g.*, *Acquaire, et. al. v. Canada Dry Bottling, et. al.*, 906 F. Supp. 819, 825, 837-38 (E.D.N.Y. 1995) (staying related antitrust claims that were not "intended by congress to be nonarbitrable"); *Maritima v. de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (stay of breach of contract claim). These decisions did not address, much less overcome, any express Congressional determination. The four unpublished and out-of-circuit district court cases Citi identifies involve discretionary stays where courts found the plaintiffs' SOX claims too dependent on the outcomes of related arbitrable claims. (Dkt. 22 at 3) Those decisions do not align with *Murray*, *supra*, in this Circuit, which respected Congressional intent in denying such a stay, despite factual overlap with the arbitrable claim.

Second, any factual overlap between Doe's arbitrable claims and her SOX claim does not justify undermining her statutory right to litigate her SOX claim in this Court. Unlike cases in which arbitration is "likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants," *see Moore v. Interacciones Global, Inc.*, 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995), Doe's SOX claim presents distinct legal and factual issues from her discrimination or contract claims, including a different and lower causation standard. 29 C.F.R. § 1980.104(e)(1)-(2). So, it is unlikely that any aspect of the arbitration could be dispositive of the SOX claim such that a stay is efficient. *See Dean Witter Reynolds*, 470 U.S. 213, 223 (1985) (advising against "manipulating the ordering" of parallel proceedings because "it is far from certain that arbitration proceedings will have preclusive effect on the litigation of nonarbitrable federal claims"); *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), Dkt. 50 (S.D.N.Y. Apr. 7, 2021) (denying stay of SOX claim where "risk of issue preclusion [w]as not great enough to warrant a stay [] and further delay proceedings"). In any event, concerns about "potentially inconsistent findings between the arbitration and the instant litigation would seem purely hypothetical." *Murray*, 2015 WL 769586, at *8. Nor does Citi explain why Doe's SOX claim would not "stand on equally sound footing" as her discrimination and contract claims. *Id*.

Third, equitable considerations do not support a stay. Doe is hopeful that this Court will permit her to proceed anonymously under Jane Doe, so confidentiality of arbitration does not justify depriving her of expeditious litigation. Citi now advances its own generalized proprietary and confidentiality concerns but fails to carry its burden in demonstrating actual prejudice; "accountability and transparency" are precisely what Congress intended to safeguard for SOX whistleblowers in Dodd-Frank. Pub. L. No. 111-203, 124 Stat. 1376 (2010).

**Stowell & Friedman, Ltd.**
Attorneys at Law

Sincerely,

*/s/ Linda D. Friedman*
Linda D. Friedman

Stowell & Friedman Ltd.
Attorney for Jane Doe

Cc: All counsel of record via ECF